THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| SUNRISE SELF STORAGE PARTNERS, LLC, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 6:15-CV-363 |
| vs. | § § | |
| LEXINGTON INSURANCE COMPANY, | § § § | |
| Defendant. | | |

### DEFENDANT LEXINGTON INSURANCE COMPANY'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant Lexington Insurance Company ("Lexington") hereby removes the action styled and numbered *Sunrise Self Storage Partners, LLC v. Lexington Insurance Company*, Cause No. DC-15-44353, pending in the 52nd Judicial District Court in Coryell County, Texas, to the United States District Court for the Western District of Texas, Waco Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I. THE STATE COURT ACTION

1. On November 9, 2015, Plaintiff Sunrise Self Storage Partners LLC ("Sunrise") filed its Original Petition in the 52nd Judicial District Court in Coryell County, Texas – Cause No. DC-15-44353

2. Sunrise's Original Petition alleges causes of action against Lexington for Breach of Contract, Prompt Payment of Claims Statute (Texas Insurance Code Chapter 542), and Bad Faith/DTPA (Texas Insurance Code Chapter 541 and Texas Business and Commerce Code Chapter 17).

## II.   LEXINGTON'S NOTICE OF REMOVAL IS TIMELY

3. Lexington was served with the petition and citation on November 18, 2015. Accordingly, Lexington files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

## III.   VENUE IS PROPER

4. Venue is proper in this district under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district.

## IV.   BASIS FOR REMOVAL JURISDICTION

5. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Sunrise and Lexington and the amount in controversy exceeds $75,000 excluding interest, costs, and attorney's fees.

### A.   CITIZENSHIP OF THE PARTIES

6. Lexington is an insurance carrier organized under the laws of the State of Delaware with its principal place of business in Boston, Massachusetts. Lexington is a citizen of both Delaware and Massachusetts for diversity jurisdiction purposes.

7. In Plaintiff's Original Petition, Plaintiff claims that Sunrise is a limited liability company that does business in Texas. Sunrise Self Storage Partners LLC is a Delaware Limited Liability Company. The citizenship of a limited liability company is determined by the citizenship of each of its members.[1] Marc Barmazel is the only reported member/manager of

---

[1] *Harvey v. Great Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

Sunrise Self-Storage Partners LLC and is a resident of California located at 16236 SAN DIEGUITO RD STE 1-07, RANCHO SANTA FE, CA 92067.  Further research revealed that Sunrise Self Storage Partners LLC voluntarily cancelled its registration on December 23, 2014.  Based on the allegations in Plaintiff's original petition, Sunrise Self Storage Partners LLC would be considered a citizen of California for diversity jurisdiction purposes.  Further, based on publicly available information no member/manager of Sunrise Self Storage Partners LLC is a citizen of Delaware or Massachusetts.

8.  Further research revealed that the owner of the property in question is WS Alamo Investments LP.[2]  WS Alamo Investments LP is a Texas Limited Partnership and the General Partner of WS Alamo Investment LP is WS Alamo Management LLC.  The citizenship of a limited partnership is determined by the citizenship of its partners.[3]  The citizenship of a limited liability company is determined by the citizenship of each of its members.[4]  WS Alamo Management LLC has one member who is identified as Stephen Kaplan, 2111 Palomar Airport Rd. ste 235, Carlsbad CA 92011.  Based on publicly-available records regarding WS Alamo Investments LP's and WS Alamo Management LLC's organization and structure, Defendant understands that no partner of WS Alamo Investments LP and no member/manager of WS Alamo Management LLC is a citizen of Delaware or Massachusetts.  Therefore, even if the correct owner of the property is considered, Plaintiff would be a California citizen for diversity jurisdiction purposes.

---

[2]  *See* Coryell CAD records attached as **Exhibit A**.

[3]  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).

[4]  *Harvey v. Great Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

9. Accordingly, there is now, and was at the time this action was filed, complete diversity of citizenship between Sunrise and Lexington.

B. **AMOUNT IN CONTROVERSY**

10. If it is facially apparent that Sunrise's claims exceed the jurisdictional amount, Lexington's burden is satisfied.[5]

11. In its Original Petition, Sunrise seeks monetary relief over $200,000.[6]

12. Thus, it is facially apparent that Sunrise's claims exceed the jurisdictional minimum of $75,000.01.

13. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Removal is therefore proper.

## V.   CONCLUSION

14. Lexington will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

15. Therefore, Lexington hereby provides notice that this action is duly removed.

Respectfully submitted,

By: */s/ Brett A. Wallingford*
 Brett A. Wallingford
 Texas State Bar No. 00797618
 BWallingford@zelle.com

**ZELLE HOFMANN VOELBEL & MASON LLP**
901 Main Street, Suite 4000
Dallas, TX  75202
Telephone:  (214) 742-3000

---

[5] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1999).

[6] *See* Sunrise's Original Petition at §III, ¶4, attached hereto as **Exhibit B**.

Facsimile:    (214) 760-8994

**ATTORNEYS FOR DEFENDANT
LEXINGTON INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Notice of Removal has been served on all the following counsel of record by electronic filing pursuant to the FEDERAL RULES OF CIVIL PROCEDURE on this 11th day of December, 2015:

> Richard D. Daly
> Texas Bar No. 00796429
> rdaly@dalyblack.com
> John Scott Black
> Texas Bar No. 24012292
> jblack@dalyblack.com
> Ana M. Ene
> Texas Bar No. 24076368
> aene@dalyblack.com
> William X. King
> Texas Bar No. 24072496
> wking@dalyblack.com
> **DALY & BLACK, P.C.**
> 2211 Norfolk St., Suite 800
> Houston, Texas 77098
> (713) 655-1405 – phone
> (713) 655-1587 – fax

        */s/ Brett A. Wallingford*
          Brett A. Wallingford