# EXHIBIT "B"

CAUSE NO. DC-15-44353

| | | |
|---|---|---|
| SUNRISE SELF STORAGE PARTNERS, LLC | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| vs. | § § | CORYELL COUNTY, TEXAS |
| LEXINGTON INSURANCE COMPANY, | § § § | 52ND JUDICIAL DISTRICT |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Sunrise Self Storage Partners, LLC ("Sunrise"), Plaintiff herein, files this Original Petition against Defendant Lexington Insurance Company ("Lexington") and, in support of causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1. Sunrise is a limited liability company that does business in the state of Texas and whose place of business is in Coryell County, Texas.

2. Lexington is an insurance company doing business in the State of Texas which may be served via certified mail through its General Counsel, Legal Department at 175 Water Street, 18th Floor, New York, NY 10038.

### II.
### DISCOVERY

3. This case is intended to be governed by Discovery Level 2.

1

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief over $200,000, but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

6. Venue is proper in Coryell County because all or a substantial part of the events or omissions giving rise to the claim occurred in Coryell County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in Coryell County.

## V.
## FACTUAL BACKGROUND

7. Sunrise is a named insured under a property insurance policy issued by Lexington.

8. On or about March 28, 2014 a storm hit the Copperas Cove, Texas area, damaging Sunrise's storage and office buildings, as well as other property. Sunrise subsequently filed a claim on its insurance policy.

9. Defendant improperly denied and/or underpaid the claim.

10. The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

11. This unreasonable investigation led to the underpayment of Plaintiff's claim.

12. Moreover, Lexington performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

**A.   Breach of Contract**

14. Lexington had a contract of insurance with Plaintiff. Lexington breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.   Prompt Payment of Claims Statute**

15. The failure of Lexington to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.   Bad Faith/Deceptive Trade Practices Act ("DTPA")**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated Section 541.051 of the Texas Insurance Code by:

    (1)   making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated Section 541.060 by:

    (1)   misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

  (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

  (3) failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

  (4) failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

  (5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20. Defendant violated Section 541.061 by:

  (1) making an untrue statement of material fact;

  (2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

  (3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

  (4) making a material misstatement of law; and

  (5) failing to disclose a matter required by law to be disclosed.

21. At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22. Defendant has violated the Texas DTPA in the following respects:

4

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Lexington failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Lexington, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Lexington took advantage of Plaintiff's lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

23. Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D.  Attorneys' Fees**

24. Plaintiff engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

5

25. Plaintiff is entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because it is represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26. Plaintiff further prays that it be awarded all reasonable attorneys' fees incurred in prosecuting its causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiff's right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29. You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Sunrise Self Storage Partners, LLC prays that, upon final hearing of the case, recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Sunrise Self Storage Partners, LLC be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment

interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which it may show itself to be justly entitled.

        Respectfully submitted,

        **DALY & BLACK, P.C.**

        By:   /s/ Ana M. Ene
            Ana M. Ene
            TBA No. 24076368
            aene@dalyblack.com
            William X. King
            TBA No. 24072496
            wking@dalyblack.com
            Richard D. Daly
            TBA No. 00796429
            rdaly@dalyblack.com
            John Scott Black
            TBA No. 24012292
            jblack@dalyblack.com
            2211 Norfolk St., Suite 800
            Houston, Texas 77098
            713.655.1405—Telephone
            713.655.1587—Fax

        **ATTORNEYS FOR PLAINTIFF**
        **SUNRISE SELF STORAGE**
        **PARTNERS, LLC**